GUARANTOR REALTY CORP. v. BARNUM et al.

(Supreme Court, Appellate Division, First Department.  March 17, 1916.)

1. BROKERS &wlm;52—ACTIONS FOR COMPENSATION—TIME OF INSTITUTING.

An action to recover commissions upon rentals reserved in a lease may be maintained, though the parties had not executed a formal lease, where a valid and binding agreement for a lease had been made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. &wlm;52.]

2. BROKERS &wlm;57(1)—ACTIONS—COMPENSATION.

Where defendants agreed to pay plaintiff a commission upon any lease which they might make with a named party, whether plaintiff was the procuring cause or not, and it was contemplated that defendants should acquire a particular parcel of land and erect a building thereon for the occupation of such party, plaintiff cannot, defendants having purchased another parcel and erected a building, which was leased by the party agreed on, recover compensation, for the contract was applicable only to the land which defendants expected to acquire.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. &wlm;57(1).]

Appeal from Trial Term, New York County.

Action by the Guarantor Realty Corporation against William H. Barnum and another.  From the judgment dismissing the complaint at the Trial Term, plaintiff appeals.  Affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Millard F. Tompkins, of New York City, for appellant.
Thomas D. Thacher, of New York City, for respondents.

SCOTT, J.  The action is to recover commissions upon the rental reserved in a lease made between defendants and the firm of Brooks Bros.  The action differs from the usual action for brokers' commissions, in that plaintiff does not claim to have been the procuring cause in bringing about the particular lease in question, but relies upon a special oral agreement by which, as it is alleged, defendants agreed to pay a commission upon any lease which they, said defendants, might make with Brooks Bros., whether plaintiff was the procuring cause of such lease or not.

[1, 2] The ground assigned by the trial court for dismissing the complaint was that the action had been prematurely brought, because when it was commenced defendants had not actually executed a lease to Brooks Bros., although a valid and binding agreement for such a lease had been made.  We do not think that this objection was well taken (Tanenbaum v. Boehm, 202 N. Y. 293, 95 N. E. 708; Davidson v. Stocky, 202 N. Y. 423, 95 N. E. 753), but we are of opinion that plaintiff failed to prove a cause of action.  It clearly appears that during the whole negotiations between plaintiff and defendants the contemplation was that defendants should acquire a particular parcel of land, not that which they did afterwards acquire, and erect thereon a building for the occupation of Brooks Bros.  The agreement testified

to by plaintiff's witnesses must be held to have had reference to a lease of that particular site, and cannot in reason be extended to apply to any other site which defendants might acquire and lease, and with which plaintiff had nothing to do. Parkhurst v. Tryon, 134 App. Div. 844, 119 N. Y. Supp. 184.

The judgment appealed from is affirmed, with costs. Order filed. All concur.